UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| MICHAEL J. GIGNAC, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 2:95-cr-00075-DBH |
| | ) | 2:14-cv-00546-DBH |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2241 MOTION**

Citing 28 U.S.C. § 2241, Petitioner Michael J. Gignac filed a motion seeking relief from his sentence. (Motion, ECF No. 75.) In his motion, Petitioner argues that his sentence is illegal because the Court imposed a three-year term of supervised release in addition to a twenty-year prison term. Petitioner contends that because the Court imposed and he served the maximum prison term permitted by statute, he may not be subject to more incarceration in the event that he violates one or more conditions of supervised release. (Motion at 1.)

After review of the motion and the record, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, because this motion is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is that the Court dismiss the motion without requiring the Government to answer.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a trial in 1996, a jury found Petitioner guilty of interfering with commerce by means of robbery, in violation of 18 U.S.C. § 1951; the jury found Petitioner not guilty of two other firearms charges. *United States v. Gignac*, 119 F.3d 67, 68 (1st Cir. 1997). The Court sentenced Petitioner to a term of twenty years of imprisonment as a career offender due to prior

convictions for arson, burglary of a church, and assault on a prison officer. (*Id.*; Judgment, ECF No. 39.) In addition, the Court imposed a term of three years of supervised release. (Judgment, ECF No. 39.)

Petitioner appealed from the judgment. On appeal, Petitioner raised two issues: "(1) Whether the court erred in applying the career offender sentence enhancement provision; and (2) Whether the court abused its discretion in allowing the prosecutor to impeach defendant with the number, but not the nature, of his prior convictions." 119 F.3d at 68. The First Circuit affirmed the judgment in July 1997. *Id.* at 70.

In July 1998, Petitioner filed a motion requesting relief pursuant to 28 U.S.C. § 2255.[1] (ECF No. 49.) Petitioner asserted claims of ineffective assistance of trial and appellate counsel, judicial error and misconduct, prosecutorial misconduct, and insufficient evidence. (Recommended Decision, ECF No. 63.) Petitioner did not raise any issue regarding supervised release. In January 1999, the Court denied the motion. (ECF Nos. 67, 68.) The First Circuit denied Petitioner's request for a certificate of appealability. (*Gignac v. United States*, No. 99-1248 (1st Cir. Aug. 24, 1999).) (ECF No. 73.)

In 2001, Petitioner requested leave from the First Circuit to file a second or successive motion under section 2255. (*Gignac v. United States*, No. 01-1804 (1st Cir. June 4, 2001).) The First Circuit construed the motion as a claim that the indictment was defective, and it denied the petition. (*Id.* (1st Cir. June 22, 2001).)

Petitioner filed the pending motion on December 23, 2014. (ECF No. 75.)

---

[1] Title 28 U.S.C. § 2255(a) states: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## II. DISCUSSION

Title 28 U.S.C. § 2241 "permits a federal prisoner to seek habeas corpus if relief under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Barreto-Barreto v. United States*, 551 F.3d 95, 102 n.6 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(e)). In this case, section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention in supervised release. A petitioner who is serving a term of supervised release is "in custody" for purposes of section 2255. *See Parkin v. United States*, 565 F. App'x 149, 151 & n.2 (3d Cir. 2014). Petitioner's motion is in substance a section 2255 motion.

Because in this motion Petitioner challenges the same criminal judgment that he challenged in his first section 2255 motion, and because the first motion terminated with a judgment on the merits, Petitioner's current motion is a second or successive motion. *See United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) ("[A] numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997) (quotation marks omitted)).

As a second or successive motion, Petitioner's motion is subject to the gatekeeping provisions of sections 2255(h) and 2244(3)(A). Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler,* 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt,* 129 F.3d at 57). This Court thus lacks jurisdiction over the pending motion unless and until Petitioner obtains leave to file the motion in accordance with sections 2244(b)(3)(A), 2255(h).

The record lacks any evidence to suggest that Petitioner has obtained permission to file the pending motion. To the contrary, a review of the record reveals that the First Circuit previously denied Petitioner's request to file a second section 2255 motion. Because Petitioner's motion is a second or successive section 2255 motion, and because Petitioner has not obtained permission from the First Circuit to file the motion, Petitioner cannot prosecute the motion in this Court.

### III. CONCLUSION

Based on the foregoing analysis, in accordance with the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is (1) that the Court dismiss Petitioner's motion (ECF No. 75), and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of February, 2015.